51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny PELZER, Jr., Defendant-Appellant.
 No. 94-5712.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided March 28, 1995.
 
 David B. Smith, English & Smith, Alexandria, VA, for appellant. Helen F. Fahey, United States Attorney, Jeffrey R. Schwartz, Special Assistant United States Attorney, Alexandria, VA, for appellee.
 Before HALL, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Johnny Pelzer, Jr., appeals his convictions and sentences on charges that he knowingly possessed marijuana, 21 U.S.C.A. Sec. 844 (West 1981 & Supp.1994), and knowingly attempted to introduce that marijuana into the Lorton Reformatory ("Lorton"), D.C.Code Ann. Sec. 22-2603 (1981). Finding no error, we affirm.
 
 
 2
 * In March 1994, Pelzer went to Lorton to visit an inmate. Pelzer was informed that he would be subject to a search before entering the facility, and that it was unlawful to attempt to bring contraband into Lorton. As Pelzer entered the search area, he was told to empty his pockets. A correctional officer testified that Pelzer removed a plastic baggy containing a small amount of marijuana from his pants pocket. Another correctional officer testified that it was not uncommon for visitors to attempt to introduce marijuana into Lorton by placing it directly in front of the officer conducting the search, where the officer would least expect to see it.
 
 
 3
 Pelzer testified that he removed the marijuana from his jacket pocket, not his pants. Pelzer stated that he was wearing a friend's jacket, and that he was not aware that the marijuana was in the pocket. To support his defense, Pelzer attempted to introduce evidence of his post-arrest urinalysis results which were negative for marijuana use. Pelzer reasoned that this evidence was relevant because if he could show he was not a marijuana user, it would serve to support his story that the jacket, and contents therein, belonged to a friend. The district court's exclusion of this evidence as irrelevant forms the basis for the present appeal.
 
 II
 
 4
 Relevant evidence is defined as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Trial courts have broad discretion in ruling on questions of relevancy. United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985). Accordingly, this Court reviews a district court's exclusion of evidence for abuse of that discretion. See United States v. Grooms, 2 F.3d 85, 88 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3690 (U.S.1994).
 
 
 5
 Pelzer was charged with knowingly possessing marijuana and knowingly attempting to introduce that marijuana into Lorton. Neither of these charges required proof of marijuana use as an element of the offense. Pelzer's drug use or the absence thereof was not probative on whether Pelzer committed either of the offenses charged. Nor was such evidence probative on the credibility of Pelzer's defense.
 
 
 6
 We accordingly reject Pelzer's argument and affirm his convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.